1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEON LINTHECOME, | CASE NO. 1:11-cv-00923-AWI–BAM PC |
| Plaintiff, | ORDER DENYING MOTION TO ADD DEFENDANTS |
| v. | (ECF No. 12) |
| MAURICE JUNIOUS, et al., | |
| Defendants. | |

Plaintiff Marcus Leon Linthecome is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on June 8, 2011, and Plaintiff filed a motion to add defendants to his complaint on July 22, 2011.  (ECF No. 12.)  Plaintiff requests that the names of 80 plus defendants be included in his complaint.

Under Local Rule 220, Plaintiff cannot amend the original complaint simply by attaching documents to it.  Moreover, the Court cannot add exhibits to the record by attaching them to documents already filed.  Therefore, to amend the complaint, Plaintiff must submit a first amended complaint which is complete in itself.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint.  Therefore Plaintiff may file an amended complaint without leave of the court.

1

1    The Court advises Plaintiff of the following requirements under the Federal Rules of Civil

2    Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a

3    short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of

4    Civil Procedure 8(a)(2).  A review of Plaintiff's complaint shows that it is neither short nor plain.

5        "Each allegation must be simple, concise, and direct."  Federal Rule of Civil Procedure

6    8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as

7    practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).  "[E]ach claim

8    founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule

9    of Civil Procedure 10(b).

10       Additionally, Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to

11   the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-

12   party claim may join, as independent or alternate claims, as many claims as it has against an

13   opposing party."  Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but

14   Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

15   Unrelated claims against different defendants belong in different suits, not only to prevent the sort

16   of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

17   pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous

18   suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

19   1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

20       Accordingly, Plaintiff's motion to add defendants, filed July 22, 2011, is HEREBY DENIED.

21   IT IS SO ORDERED.

22   **Dated:**   **January 9, 2012**              _____ **/s/ Barbara A. McAuliffe** _____
                                           UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28