# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEON LINTHECOME, | CASE NO. 1:11-cv-00923-AWI–BAM PC |
| Plaintiff, | FINDING AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| MAURICE JUNIOUS, et al., | (ECF Nos. 7, 8, 9, 10) |
| Defendants. | TWENTY-DAY DEADLINE |

Plaintiff Marcus Leon Linthecome is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on June 8, 2011. Currently before the Court are Plaintiff's motions for injunctive relief filed June 23 and July 1, 2011.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires

1  Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and
2  particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be
3  fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial
4  decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149
5  (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

6      Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act,
7  which provides in relevant part, "Prospective relief in any civil action with respect to prison
8  conditions shall extend no further than necessary to correct the violation of the Federal right of a
9  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless
10 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
11 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
12 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

13     Finally, when an inmate seeks injunctive or declaratory relief concerning the prison where
14 he is incarcerated, his claims for such relief become moot when he is no longer subjected to those
15 conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368
16 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Plaintiff is seeking an order
17 directing the prison to provide copies of his legal mail, for the medical program to be brought into
18 compliance, that his parcels be delivered to him, and that he not be held beyond his parole date.
19 Plaintiff filed a notice of change of address on July 22, 2011, indicating that he is no longer in
20 custody.  Since Plaintiff is no longer incarcerated and subjected to the conditions at North Kern State
21 Prison, the injunctive relief he is seeking is moot.

22     Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's
23 motions for injunctive relief, filed June 23, 2011, and July 1, 2011, should be denied.

24     These findings and recommendations will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
26 days after being served with these findings and recommendations, Plaintiff may file written
27 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 9, 2012**          /s/ **Barbara A. McAuliffe**
                                  UNITED STATES MAGISTRATE JUDGE