# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCUS LEON LINTHECOME,

Plaintiff,

v.

MAURICE JUNIOUS, et al.,

Defendants.

/

CASE NO. 1:11-cv-00923-AWI–BAM PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM; MOTION TO DENY APPOINTMENT OF WIFE

(ECF No. 1)

THIRTY-DAY DEADLINE

## I. <u>Screening Requirement</u>

Plaintiff Marcus Leon Linthecome is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Currently before the Court is Plaintiff's complaint, filed June 8, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

[1] Plaintiff was incarcerated at the time that he filed this action.

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a has defendant acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

## II. Plaintiff's Complaint

### A. Joinder Requirements

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### B. Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092

(9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

**C. Plaintiff's Legal Claims**

Plaintiff brings this action naming seventy five defendants, however upon review of the complaint it appears that Plaintiff has named some individuals as defendants when they are witnesses to the events which he alleges occurs. Plaintiff's allegations appear to revolve around his being found to be suicidal, forcibly medicated, and transferred to another institution where he received mental heath treatment. Additionally, Plaintiff claims that he was prevented from corresponding with his wife and deprived of his property. It is unclear whether all the incidents Plaintiff is complaining about occurred at Kern Valley State Prison ("KVSP"), or whether some of the incidents occurred while he was being housed elsewhere for mental health treatment. Plaintiff is seeking injunctive relief and monetary damages.

Although lengthy, 100 pages with exhibits interspersed though out, Plaintiff's compliant consists largely of general and/or conclusory allegations, which do not support any plausible claims for relief. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969. In the sections that follow, the Court will provide Plaintiff with the legal standards applicable to the claims it appears he is seeking to pursue. Plaintiff should carefully review the standards and amend only those claims

that he believes, in good faith, are cognizable.

**1. Americans With Disabilities Act**

Although Plaintiff references the Americans with Disabilities Act ("ADA"), it is unclear what claims Plaintiff is attempting to bring under the ADA. Title II of the ADA prohibits discrimination on the basis of disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted); Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Id.; Simmons, 609 F.3d at 1022. The treatment or lack of treatment of a plaintiff's disability does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (ADA claim cannot be based upon medical treatment decisions); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Title II of the ADA prohibits discrimination in programs "of a public entity" or "discrimination by any such entity." 42 U.S.C. § 12132. A public entity is defined, in relevant part as "any State or local government; [and] any department agency. . . of a State o States or local government. . . ." 42 U.S.C. §12131(1)(a)(b). A public entity as defined in the statute does not include individuals. Shebby v. Adams, No. 1:03-cv-06487-LJO-NEW (DLB), 2007 WL 2505569, * 2 (E.D.Cal. Aug. 31, 2007) (citations omitted). Plaintiff may not bring a claim under Title II of

the ADA against a defendant in their individual capacity.

**2. Mail**

Plaintiff alleges that prison officials interfered with his legal mail and correspondence with his wife. Prisoner's have a right under the First Amendment to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). "However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" Witherow, 52 F.3d at 265 (quoting Turner v. Safely, 482 U.S. 78, 89, 107 S. Ct 2254, 2261 (1987)). It has long been established that security of the institution is a legitimate penological interest. Procunier v. Martinez, 416 U.S. 396, 413, 94 S. Ct. 1800, 1811 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874 (1989). Courts have held that a temporary delay in the delivery of an inmate's mail does not violate the First Amendment. See Crofton v. Roe, 170 F.3d 957, 960 (9th Cir. 1999) (a temporary delay in delivering an inmate's mail which is caused by prison official's security inspection does not violate the First Amendment); Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) ("merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment"); Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (an isolated incident of interference with an inmate's mail is usually insufficient to allege a constitutional violation).

**3. Deliberate Indifference**

**a. Medical Care**

Plaintiff alleges that he was denied medical care. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

**b. Conditions of Confinement**

Plaintiff also complains about the conditions in which he was confined. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi, 391 F.3d at 1057 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847 (1994).

**c. Verbal Threats/Harassment**

Plaintiff may not state a federal claim by alleging that defendants verbally harassed or even threaten him. Prison conditions that are restrictive or harsh do not necessarily violate the Eighth Amendment. Farmer, 511 U.S. at 833. Verbal harassment and verbal threats do not constitute a violation of the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987) (harassment); Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987) (threats).

**4. Due Process**

**a. Procedural Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause

of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

**i. Grievance Procedure**

There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Nor does Plaintiff have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann, 855 F.2d at 640.

**ii. False Reports**

The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

**iii. Transfer**

There is no substantive liberty interest in being housed in a particular prison and an inmate has no right to incarceration in the prison of his choice. Olim v. Wakinekona, 461 U.S. 238, 245, 103 S. Ct. 1741, 1745 (1983); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010)). Neither the initial decision assigning the inmate to a particular prison nor a subsequent transfer to a different prison implicate the Due Process Clause. Olim, 461 U.S. 244-45, 103 S. Ct. at 1745; Meachum v. Fano, 427 U.S.

215, 224, 96 S. Ct. 2532, 2538 (1976); see Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547 (1976).

**iv. Property**

Plaintiff claims that defendants have stolen his mail and documents from his cell and failed to delivere a parcel his wife mailed to him. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Whether the cause of the property deprivation was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

**b. Involuntary Medication**

The decision to forcibly medicate an inmate implicates both substantive and procedural due process. Washington v. Harper, 494 U.S. 210, 222, 110 S.Ct. 1028, 1036 (1990). Inmates have "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." U.S. v. Loughner, 672 F.3d 731, 744 (9th Cir. 2012) (quoting Washington, 494 U.S. at 221-22). However, the liberty interest "must be 'defined in the context of the inmate's confinement.'" Loughner, 672 F.3d at 745 (quoting Washington, 494 U.S. at 222). Prison officials have an obligation to provide prisoners with medical treatment and have a duty to take reasonable measures to ensure an inmate's safety. Washington, 494 U.S. at 225.

The proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests." Loughner, 672 F.3d at 745 (internal punctuation and citations omitted). There are three factors that are "particularly relevant in the contest of involuntary medication: (1) there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) a court must consider the impact

accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id. (Internal punctuation and citations omitted).

The Due Process Clause permits treatment of an inmate's serious mental illness by administering antipsychotic drugs against the inmate's will, if the inmate is a danger to himself or others, and it is in the inmate's medical interest. Id. at 746. Due process is satisfied if the inmate is provided with "notice, the right to be present at an adversary hearing, and the right to present and cross examine-witnesses." Washington, 494 U.S. at 235.

**5. Title 15**

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)). There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

**6. Access to Law Library**

Plaintiff claims that he was denied access to the law library. While, inmates have a fundamental constitutional right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), the right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions, Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. There is no right to a law library or legal assistance. Id. Law libraries and

legal assistance programs are only the means of ensuring access to the courts. Id.

**D. Amended Complaint**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Plaintiff's complaint is neither short nor plain. Plaintiff's complaint is long and contains multiple unrelated incidents and exhibits are inserted within the complaint, making it virtually impossible to distinguish the exhibits from the complaint itself.

"Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). Plaintiff does not state his claims in separate counts.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. It is Plaintiff's job, not the Court's, to state a claim for each defendant. Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's amended complaint being stricken from the record.

In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not name witnesses as defendants. Only those parties whom Plaintiff alleges to have violated his rights are defendants in this action. Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are to that claim. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

For screening purposes, the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint. If Plaintiff feels compelled to submit exhibits with any such amended complaint, he

may do so, but is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). Thus, if Plaintiff attaches exhibits to any amended complaint that he might file, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3"). Any exhibits submitted with the complaint must be attached to the end of the complaint. With regard to exhibits that are properly attached to any such amended complaint, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims are, or might be able to be stated.

Finally, given that Plaintiff must comply with Rules 18(a) and 20, twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, if Plaintiff chooses to amend the complaint, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

## III. Motion for Representation

Plaintiff requests that his wife be allowed to maintain this action for him. A non-lawyer may not represent anyone but himself or herself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, Plaintiff's motion for his wife to represent him in this action is denied.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 8, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
    a. Plaintiff's amended complaint must not exceed twenty five pages;
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim; and
5. Plaintiff's motion to appoint his wife as his representative is DENIED.

IT IS SO ORDERED.

**Dated: April 26, 2012**

**/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE