# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEON LINTHECOME,<br><br>          Plaintiff,<br><br>   v.<br><br>MAURICE JUNIOUS, et al.,<br><br>          Defendants. | CASE NO. 1:11-cv-00923-AWI–BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND MOTION FOR CHANGE OF VENUE<br><br>(ECF Nos. 26, 27) |

    Plaintiff Marcus Leon Linthecome is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 25, 2012, findings and recommendations issued recommending this action be dismissed for Plaintiff's failure to file an amended complaint in compliance with the order issued on April 26, 2012. (ECF No. 25.) Plaintiff was granted thirty days in which to file objections to the recommendations. On July 31, 2012, Plaintiff filed a motion to amend and a motion to request a change of venue. (ECF No. 26, 27.)

    On June 8, 2012, Plaintiff's first amended complaint was stricken from the record for failure to comply with the order issued April 26, 2012, and Plaintiff was granted thirty days in which to file an amended complaint. Plaintiff was advised that if he failed to file an amended complaint in compliance with the order, this action would be dismissed for failure to state a claim. Plaintiff did not file an amended complaint, and findings and recommendations issued on July 25, 2012, recommending this action be dismissed for failure to state a claim. At this juncture, Plaintiff must file objections to the findings and recommendations. Plaintiff's motion to file an amended complaint is denied.

1

Plaintiff requests that this action be transferred to another venue. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff fails to state the venue he is requesting or set forth any reason for this action to be transferred. Accordingly, Plaintiff's motion for a change of venue is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file an amended complaint, filed July 31, 2012, is DENIED; and

2. Plaintiff's motion for a change of venue, filed July 31, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **August 3, 2012**              /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE