# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEON LINTHECOME,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00923-AWI–BAM PC<br><br>ORDER PARTIALLY ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF Nos. 25, 29)<br><br>ORDER STRIKING DUPLICATE OBJECTIONS (ECF No. 30) |

## I.  Procedural History

Plaintiff Marcus Leon Linthecome is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 26, 2012, Plaintiff's complaint was dismissed for failure to state a claim, with leave to amend. (ECF No. 21.) On June 5, 2012, Plaintiff filed a first amended complaint which was stricken from the record for failing to comply with the Federal Rules of Civil Procedure on June 8, 2012. (ECF Nos. 23, 24.) Plaintiff was granted thirty days to file a first amended complaint. Plaintiff did not file an amended complaint and on July 25, 2012, findings and recommendations issued recommending dismissing this action for failure to state a claim. (ECF NO. 25.)

On July 31, 2012, Plaintiff filed a motion to amend his complaint and a motion for a change of venue. (ECF Nos. 26, 27.) On August 3, 2012, an order issued denying Plaintiff's motion to amend and motion for a change of venue. (ECF No. 28.) On August 10, 2012, duplicate objections to the findings and recommendations were filed. (ECF Nos. 29.)

1

Initially, due to an administrative error Plaintiff's objections to the findings and recommendations were filed twice. Therefore, the duplicate objection shall be stricken from the record.

In his objections to the findings and recommendations, Plaintiff states that he mailed the amended complaint to the court, but it was returned to him. The first amended complaint is submitted as an attachment to Plaintiff's objection. Although it is unclear if Plaintiff attempted to file the amended complaint within the thirty days provided by the Court, Plaintiff's first amended complaint shall be screened.

## II.   First Amended Complaint

### A.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility

standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

### B.    Complaint Allegations

Plaintiff brings this action against approximately seventy five defendants, ranging from correctional officers to medical staff, employed at North Kern State Prison. Plaintiff alleges that these prison officials willingly took a role in allowing Plaintiff to be hurt and for attempts to be made on his life. (Objections 12,[1] ECF No. 30.) Plaintiff states that the Mexican Mafia is trying to kill him because a Latina woman accused him of raping her when he engaged in a three-some with her and his wife. (Id. at 9.) Plaintiff alleges that inmates and Mexican correctional staff forged papers, documents, and rule violations and discriminated against him to prevent him from receiving medical care. (Id. at 12-15.)

Plaintiff begged a specialist to get him help and "it ceased." Plaintiff claims that he was a member of the Armstrong class and on the sixty first day of his hospital stay was entitled to extended stay privileges, including phone privileges. (Id. at 10.) Plaintiff was denied phone contact with his family so he was unable to get help. Staff got the doctors to complete medical documents and others joined in to forge paperwork to make Plaintiff seem mentally ill. Dr. Safai-Far did not fabricate his documents and knew he was not in need of mental health medication. (Id. at 11.) The highest ranking staff knew of the misconduct. (Id. at 12.)

Plaintiff states that Defendant Junious was aware of the actions against Plaintiff due to inmate appeals that were filed and did nothing while Plaintiff was incarcerated. All the defendants

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

are employees of Defendant Junious. (Id. at 13.)

Defendants Stockton, Smith, and Lemons refused to move Plaintiff while he was in danger because of the issue of Plaintiff's briefings. Defendants Stockton and Lemons received Plaintiff's inmate appeal and referred it to medical staff. Defendant Marychrist forged a form saying Plaintiff was suicidal to appease staff and evade the custody issue. (Id.)

Defendants Becker, Bruns, and Kaburski falsely analyzed Plaintiff and tried to have Plaintiff unnecessarily medicated. Plaintiff had to sleep in a holding cell for days with no toilet and water on the floors. (Id.) Plaintiff's mail was held without any security reasons. (Id. at 15.)

For the reasons set forth below, Plaintiff fails to state a cognizable claim for a violation of his federal rights. Plaintiff has been granted an opportunity to amend the complaint, with guidance from the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**C.   Discussion**

Plaintiff's complaint consists largely of general and/or conclusory allegations, which will not support any plausible claims for relief. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969. Although Plaintiff claims deprivations of mail and phone privileges, excessive force, and that he was falsely charged with rule violations, he fails to link any individual to his allegations. Additionally, although the complaint names approximately seventy five defendants, it is devoid of any factual allegations linking the majority of the defendants to any act or omission that would violate Plaintiff's federal rights.

Plaintiff alleges that he was subjected to cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051,

4

1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In the first amended complaint, Plaintiff alleges that Defendants Stockton, Smith, and Lemons refused to move Plaintiff when he was in danger due to his briefings. Defendants Stockton and Smith referred an appeal to Defendant Marychrist, who determined that Plaintiff was suicidal. Plaintiff was placed in a holding cell without a toilet and water on the floor. Defendants Becker, Bruns, and Kaburski examined Plaintiff and attempted to obtain an order allowing Plaintiff to be involuntarily medicated.[2] During the time Plaintiff confined for the alleged mental health issues, he was denied phone privileges.

In order to state a claim of deliberate indifference Plaintiff must allege sufficient facts to show that there was a "substantial risk of serious harm" to his health or safety. Farmer, 511 U.S. at 837. While Plaintiff states that he was in danger from Mexican inmates and correctional officers because his photograph was distributed to Hispanics state wide, Plaintiff's conclusory allegation fails to objectively demonstrate that there was a serious risk to Plaintiff's safety. Plaintiff fails to state a plausible claim based upon his allegation that his life was in danger. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969. Further to the extent that Plaintiff attempts to state a claim based upon the failure to move him due to safety issues, he fails to allege facts to show that any

---

[2] Plaintiff was previously provided with the legal standard to state a due process claim based upon involuntary medication and failed to allege such a claim in the first amended complaint.

5

named Defendant was aware of a risk to Plaintiff's safety and failed to adequately respond.

Plaintiff's allegations fail to show that finding that he was suicidal or deciding to obtain an order allowing him to be involuntarily medicated placed him at a substantial risk of serious harm. Further, Plaintiff fails to allege any facts which would support a claim that medical providers knew of and disregarded a serious risk to Plaintiff's health or safety. Farmer, 511 U.S. at 837. Mental illness is a serious medical condition and prison officials are required to provide inmates with adequate mental health care. Doty v. County of Lassen, 37 f.3d 540, 546 (9th Cir. 1994.)

While Plaintiff alleges that he was falsely accused of being mentally ill, the complaint fails to set forth factual allegations that any named defendant acted with the requisite state of mind to state a claim for deliberate indifference. To the extent that Plaintiff attempts to state a claim because Dr. Safai-Far found that he did not need to be medicated, a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

While Plaintiff disagrees that he was mentally ill and required mental health intervention, this is insufficient to state a claim for deliberate indifference. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). The first amended complaint fails to state a plausible claim that Defendant Marychrist was deliberately indifferent by determining that Plaintiff was suicidal or that Becker, Bruns, and Kaburski were deliberately indifferent by attempting to obtain an order to involuntarily medicate Plaintiff due to mental illness.

Finally, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). Plaintiff's allegations that he was confined in a holding cell for several days without a toilet and water on the floor and was denied telephone calls and mail due to being found to be suicidal fail to rise to the level of an Eighth

Amendment violation.

III. **Conclusion and Order**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, for the reasons set forth the Court adopts the findings and recommendations in part.

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's duplicate objections to the findings and recommendations, filed August 10, 2012, shall be stricken from the record;
2. The findings and recommendations, filed July 25, 2012, is ADOPTED IN PART;
3. This action, is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;
4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 15, 2012

CHIEF UNITED STATES DISTRICT JUDGE